Welch, J.
The plaintiff, William Williams, a deck hand working aboard the F/V Josephine & Marie, brought this action against his employer, defendant A&V Fishing, Inc., for personal injuries sustained when the defendant’s boat (the aforesaid F/V Josephine & Marie) sank. The defendant now brings this motion to disqualify the plaintiffs attorney, Orlando & Associates. The defendant contends (citing Disciplinary Rules 5-105(A) and (B)) that Orlando & Associates should be disqualified from representing the plaintiff because the firm also represents James Ferrara (“Mr. Ferrara”), the captain of the F/V Josephine & Marie and the principal shareholder of A&V Fishing, Inc., personally in another personal injury action arising from the sinking and A&V Fishing, Inc. in yet another action relating to the vessel’s demise. Orlando & Associates claims, however, that since all of its clients have consented to joint representation and its clients can be adequately represented by the firm, it should not be disqualified from representing the plaintiff. For the reasons discussed below, the *539 defendant’s motion to disqualify Orlando & Associates as counsel for the plaintiff is allowed.
BACKGROUND
On February 2, 1992, the F/V Josephine & Marie struck an unknown object and sank. As a result of the accident, the plaintiff, a deck hand, and Mr. Ferreira, the captain, were injured. Subsequently, the plaintiff and Mr. Ferrara, through their attorneys Orlando & Associates, both filed lawsuits against A&V Fishing, Inc. for their injuries. In the present personal injury case, the plaintiff claims that A&V Fishing, Inc. and its agents (apparently Mr. Ferrara) were negligent in not maintaining a seaworthy vessel, failing to inspect the vessel, failing to furnish the plaintiff a reasonably safe work place, and failing to adequately supervise or train fellow employees. Meanwhile, the Home Insurance Company, as the insurer of the vessel’s hull, refused to pay A&V Fishing, Inc. for damages sustained to the hull. Therefore, on July 1, 1992, Mr. Ferrara and his wife, Antonia Ferrara (“Mrs. Ferrara”), in their capacity as principals of A&V Fishing, Inc., retained Orlando & Associates to represent A&V Fishing, Inc. in all actions arising out of Home Insurance Company’s decision to deny coverage.[1] Thus, Orlando & Associates is, in different actions, representing the employee, the employer, and the employer’s principle.
In July 1992, the plaintiff, Mr. Ferrara (individually and in his capacity as president and treasurer of A&V Fishing, Inc.) and Mrs. Ferrara (in her capacity as clerk of A&V Fishing, Inc.) attended a meeting with Attorney Joseph M. Orlando. At the meeting, the plaintiff, Mr. Ferrara and A&V Fishing, Inc. signed a detailed informed consent statement which authorized Orlando & Associates to represent them in various legal matters. Orlando & Associates also sought advice from the Board of Bar Overseers.
DISCUSSION
The defendant argues that Orlando & Associates’ representation of Mr. Ferrara in one matter and A&V Fishing, Inc. in another related matter demands that the firm be disqualified from representing the plaintiff in this matter. The plaintiff maintains, however, that DR 5-105(C) expressly allows Orlando & Associates to represent the plaintiff because the plaintiff, Mr. Ferrara and A&V Fishing, Inc. each gave their informed consent to the representation. Part of the informed consent declaration signed by the plaintiff, Mr. Ferrara, and the employer, emphasizes each of the diverse parties desire to ensure that insurance coverage remains in effect.
The disqualification of an attorney from continued representation is a measure “that courts have invoked in appropriate circumstances to prevent improper disclosure of clients’ confidence, or to ameliorate the effects of such disclosures where they have occurred.” Masiello v. Perini Corp. 394, Mass. 842, 848 (1985) quoting Realco Servs., Inc. v. Holt, 479 F.Supp. 867, 871 (E.D. Pa. 1979). Disqualification of counsel, “as a prophylactic device for protecting the attorney/client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary.” Id. quoting Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982). At stake in this case is not so much attorney/client confidence; rather, it is the exercise of independent professional judgment and vigorous representation of clients with significantly differing interests.
The motion to disqualify concerns the applicability of Disciplinary Rule 5-105.[2] Orlando & Associates secured an informed consent statement from the plaintiff, Mr. Ferrara and A&V Fishing, Inc. in compliance with DR 5-105(C). Despite the signed informed consent statement, troubling conflicts between the plaintiff and the defendant in this action still remain. When a lawyer, exercising his best judgment, determines that his employment will not bring him into conflict with the code, disqualification may occur only if the trial court determines that his continued participation as counsel taints the legal system or the trial of the cause before it. Borman v. Borman, 378 Mass. 775, 788 (1979). At heart, what Orlando & Associates argues is that all of these lawsuits are essentially suits against the insurer and, thus, no conflict exists. This, however, is too simplistic an answer. For example, if the plaintiff recovers more than the insurance coverage amount, counsel would face a direct conflict of pressing for higher damages against his other clients. At oral argument, plaintiffs counsel acknowledged that a judgment in an amount higher than the coverage amount might force his other client A&V Fishing, Inc. into bankruptcy. Likewise, part of this lawsuit concerns allegations that the employer (acting through Mr. Ferrara) failed to maintain a seaworthy vessel, failed to inspect the vessel and failed to supervise other employees. One must wonder how counsel who also represents the employer and the employer’s principal can vigorously press these claims when they may harm the employer or Mr. Ferrara in their own lawsuits (e.g. evidence that the vessel was not adequately inspected might harm the company in its claim for insurance or might constitute comparative negligence for Mr. Ferrara in his personal injury case). None of these conflicts are specifically addressed in the executed consent document nor has plaintiff sought independent legal advice. Contrast Wellman v. Willis, 494, 502 (1987). Finally, Orlando & Associates’ continued multiple representation would severely impair the corporation’s ability to consult with its own client, Mr. Ferrara as president and treasurer of A&V Fishing, Inc., in confidence. Given these obvious conflicts, the scales plainly tip in favor of disqualification. These objective concerns establish that “the ability of the attorney to represent adequately the interest of each client is [not] ‘free from substantial doubt.’ ” Wellman v. Willis, 400 Mass. at 502, quoting Unified Sewerage Agency v. Jelco, Inc., 646 F.2d 1339, 1348 *540 n.12 (9th Cir. 1981). Therefore, Orlando & Associates should be disqualified from representing the plaintiff against the defendant in this matter.
ORDER
For the above stated reasons, it is hereby ORDERED that the defendant’s motion to disqualify is ALLOWED.

At oral argument, it was represented that the insurance coverage lawsuit was on appeal. Nevertheless, the employer’s attorney/client relationship with Orlando & Associates remains.

DR 5-105 provides:
(A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5-105(C).
(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected by his representative of another client, or if it would be likely to involve him in representing differing interests except to the extent permitted under DR 5-105(C).
(C) In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.